An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GORDON WAYNE SIMPSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61346

FILED

FEB 13 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of one count of establishing or possessing a financial forgery laboratory and three counts of burglary. Second Judicial District Court, Washoe County; Steven P. Elliott, Judge.

Appellant Gordon Wayne Simpson contends that the district court abused its discretion by sentencing him as a habitual criminal and declining to suspend the sentence and grant probation because his drug addiction drove him to commit the offenses and the sentence imposed constitutes cruel and unusual punishment. We disagree.

The district court has broad discretion to dismiss a count of habitual criminality. See NRS 207.010(2). The record before this court does not indicate that the district court misunderstood its sentencing authority or abused its discretion by adjudicating Simpson as a habitual criminal.[1] See Hughes v. State, 116 Nev. 327, 333, 996 P.2d 890, 893

---

[1]Simpson has not included a transcript of the sentencing hearing in the appendix. See NRAP 3C(f)(2)(C); NRAP 30(b)(1) ("Copies of all transcripts that are necessary to the Supreme Court's review of the issues presented on appeal shall be included in the appendix."). Counsel for Simpson is cautioned that future failure to include necessary documents

*continued on next page...*

13-04681

(2000); <u>Arajakis v. State</u>, 108 Nev. 976, 983-84, 843 P.2d 800, 805 (1992). Further, Simpson's sentence of four concurrent terms of 10 to 25 years in prison is within the statutory limits, <u>see</u> NRS 207.010(1)(b)(3), and is not so disproportionate to the crime and his criminal history "as to shock the conscience," <u>Blume v. State</u>, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (internal quotation marks omitted). Simpson does not assert that the relevant statute is unconstitutional, <u>id.</u>, or that the district court relied on "impalpable or highly suspect evidence," <u>Silks v. State</u>, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). Accordingly, we conclude that the sentence imposed does not constitute cruel and unusual punishment and the district court did not abuse its discretion at sentencing, <u>see</u> <u>Houk v. State</u>, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                          Cherry

cc:   Hon. Steven P. Elliott, District Judge
Dennis A. Cameron
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

_____

...*continued*
in the appendix may result in the disposal of claims without consideration on their merits and in the imposition of additional sanctions. <u>See</u> NRAP 3C(n); <u>Greene v. State</u>, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980).